UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STELLA ROMANSKI,

    Plaintiff,

-vs-

DETROIT ENTERTAINMENT, L.L.C., d/b/a **MotorCity Casino**, a Michigan Limited Liability Company, **MARLENE BROWN, GLORIA BROWN, ROBERT EDWARDS** and **JOEETTA STEVENSON**

    Defendants.

02-73358

LAWRENCE P. ZATKOFF

Case No. 02-

Hon.

MAGISTRATE JUDGE PEPE

---

John B. Farrell (P27627)
Robert F. MacAlpine (P31626)
GARAN LUCOW MILLER, P.C.
1000 Woodbridge Street
Detroit, MI 48207-3192
(313) 446-1530
Attorney for Detroit Entertainment, L.L.C.

Neil H. Fink (P 13430)
S. David McNeill (P 17544)
185 Oakland Avenue
Suite 250
Birmingham, MI 48009
Attorneys for Plaintiff

---

## NOTICE FOR REMOVAL OF CAUSE TO UNITED STATES DISTRICT COURT EASTERN DISTRICT OF MICHIGAN - SOUTHERN DIVISION

TO:    Neil H. Fink (P 13430)
         S. David McNeill (P 17544)

1.    On November 9, 2001, Plaintiff commenced this action in the Circuit Court for the County of Wayne, State of Michigan, by filing her Summons and First Amended Complaint. On August 19, 2002, an Order was entered allowing Plaintiff to file her Second Amended Complaint in which, DETROIT ENTERTAINMENT, L.L.C., d/b/a MotorCity

Casino, Marlene Brown, Gloria Brown, Robert Edwards and Joeetta Stevenson are the named Defendants.

2. Plaintiff, Stella Romanski, is a citizen and resident of the County of Macomb, State of Michigan.

3. Plaintiff herein seeks recovery from Defendants, DETROIT ENTERTAINMENT, L.L.C., d/b/a MotorCity Casino, Marlene Brown, Gloria Brown, Robert Edwards and Joeetta Stevenson, alleging violations of 42 USC §1983 as well as violations of the Fourth and Fourteenth Amendments of the United States Constitution.

4. This Court has original jurisdiction over Plaintiff's claims inasmuch as those claims arise under the laws of the United States, which provide for equal rights, and this action is removable to this Court pursuant to 28 U.S.C. Sec. 1441 (a), (b) and 28 U.S.C. Sec. 1443(2). The entire cause is removable, including claims arising under Michigan law, pursuant to 28 U.S.C. Sec 1441(c).

5. That this Notice for Removal is hereby filed with this Court within 30 days of the entry of the Order Allowing Plaintiff to file a Second Amended Complaint. Defendants, DETROIT ENTERTAINMENT, L.L.C., d/b/a MotorCity Casino, Marlene Brown, Gloria Brown, Robert Edwards and Joeetta Stevenson, attach a copy of the Second Amended Complaint which sets forth a claim for relief upon which this action is based, as required by 28 U.S.C. § 1446(b), a copy of the Second Amended Complaint having been approved for filing by the Court as stated in the Order dated August 19, 2002.

6. That written notice of the filing of this Notice for Removal, has been given to all adverse parties as required by law and a copy of the Notice for Removal has been filed with the Clerk of the Circuit Court for the County of Wayne, State of Michigan.

7.  Attached is a copy of all process and pleadings served upon Defendants, DETROIT ENTERTAINMENT, L.L.C., d/b/a MotorCity Casino, Marlene Brown, Gloria Brown, Robert Edwards and Joeetta Stevenson, in this cause.

WHEREFORE, Defendants, DETROIT ENTERTAINMENT, L.L.C., d/b/a MotorCity Casino, Marlene Brown, Gloria Brown, Robert Edwards and Joeetta Stevenson, respectfully request that this Honorable Court enter an Order removing this cause from the Circuit Court for the County of Wayne, State of Michigan to the United States District Court, Eastern District of Michigan, Southern Division.

Respectfully submitted,

**GARAN LUCOW MILLER, P.C.**
Attorney for Defendant

By: _____
John B. Farrell (P27627)
Robert F. MacAlpine (P31626)
1000 Woodbridge Street
Detroit, MI 48207-3192
(313) 446-1530

Dated:    August 15, 2002

| STATE OF MICHIGAN<br>THIRD CIRCUIT COURT<br> | Received via certified<br>mail 12-10-01 *yug*<br>SUMMONS AND<br>RETURN OF SERVICE | CASE NO. 01-138435 NO |
|---|---|---|

COURT ADDRESS: 2 WOODWARD AVENUE, DETROIT, MICHIGAN 48226

COURT TELEPHONE NO. (313) 224-5243

THIS CASE ASSIGNED TO JUDGE: SUSAN D BORMAN           Bar Number: 11016

| PLAINTIFF | | DEFENDANT | |
|---|---|---|---|
| ROMANSKI STELLA | PL 01 VS | MOTOR CITY CASINO | DF 002 |

**PLAINTIFF'S ATTORNEY**

NEIL H. FINK
(P-13430)
185 OAKLAND AVE STE 250
BIRMINGHAM, MI 48009-3431
248-258-3181

Detroit Entertainment L.L.C.
d/b/a Motor City Casino
Resident Agent:
Cheryl Scott-Dube
1922 Cass
Detroit, MI 48226

| CASE FILING FEE | JURY FEE |
|---|---|
| PAID | PAID |

| ISSUED | THIS SUMMONS EXPIRES | DEPUTY COUNTY CLERK |
|---|---|---|
| 11/09/01 | 02/08/02 | TELAVIV CLARK |

*This summons is invalid unless served on or before its expiration date.   Cathy M. Garrett – Wayne County Clerk

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. YOU HAVE 21 DAYS after receiving this summons to file an answer with the court and serve a copy on the other party or to take other lawful action (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.
☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.
☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.

The docket number and assigned judge of the civil/domestic relations action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

The action ☐ remains ☐ is no longer pending.

I declare that the complaint information above and attached is true to the best of my information, knowledge, and belief.

Date _____     Signature of attorney/plaintiff _____

**COMPLAINT IS STATED ON ATTACHED PAGES. EXHIBITS ARE ATTACHED IF REQUIRED BY COURT RULE.**
If you require special accommodations to use the court because of disabilities, please contact the court immediately to make arrangement.

FORM NO. WC101
REV. (3-98)  MC 01 (10/97)   **SUMMONS AND RETURN OF SERVICE**   MCR 2.102(B)(11), MCR 2.104, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206 (A)
DEFENDANT

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

STELLA ROMANSKI,

    Plaintiff,

vs.

DETROIT ENTERTAINMENT, L.L.C. d/b/a MOTOR CITY CASINO, a Michigan Corporation, JANE DOE and MARY ROE, Jointly and Severally,

    Defendants.

_____/

NEIL H. FINK (P 13430)
S. DAVID McNEILL (P 17544)
Attorneys for Plaintiff
185 Oakland Ave., Ste. 250
Birmingham, MI 48009
(248) 258-3181

_____/

138435-NO   11/09/2001
JDG: BUSAN D BORMAN
IANSK STELLA
vs
OR CITY CASINO

There is no other pending or resolved civil action arising out of the transaction or occurrence alleged in in the Complaint.

### FIRST AMENDED COMPLAINT

Plaintiff, by her attorneys, Neil H. Fink and S. David McNeill, states the following:

### COUNT I

### False Arrest and Imprisonment

1. Defendant Detroit Entertainment, L.L.C. Motor City Casino, is a licensed gambling casino conducting business in Wayne County, State of Michigan, specifically the City of Detroit.

2. Upon information and belief Jane Doe is a Michigan resident working for

)                                  )

Defendant Motor City Casino in the area of casino security.

3. Upon information and belief Mary Roe is a Michigan resident working for Defendant Motor City Casino in the area of casino security.

4. On or about August 7, 2001, Plaintiff was a customer of Defendant Motor City Casino gambling at the Defendant's slot machines.

5. Plaintiff was wrongfully accused by the Defendants of stealing casino property.

6. Plaintiff was detained by Defendant's agents, servants or employees including Jane Doe and Mary Roe, who were acting in the scope of their employment and who falsely imprisoned the Plaintiff for a long period of time, upon the charge that Plaintiff had stolen property belonging to the Defendant.

7. While Plaintiff was detained she was interrogated, accused of being a criminal, had her property taken and escorted out of the casino where she waited in hot weather for several hours before her chartered bus left.

8. As proximate cause of the unlawful acts of Defendants and its agents, servants and employees, Plaintiff sustained injuries, including but not limited to, anxiety, humiliation, freight, shock and embarrassment.

2

## COUNT II

### Defamation

9. Plaintiff adopts by reference the allegations contained in paragraphs 1-8 of Count I.

10. Defendants Jane Doe and Mary Roe, agents, servants and/or employees of Defendant Motor City Casino, while in the course of their employment, made false, malicious and defamatory accusations about Plaintiff, accusing her of committing a crime, to wit stealing Defendant's property.

11. That as a proximate cause of the defamatory statements, maliciously made by Defendants Jane Doe and Mary Roe, individually and as agents of Defendant Motor City Casino, Plaintiff has been injured in her good reputation and brought into public disgrace.

## COUNT III

### Intentional Infliction of Emotional Distress

12. Plaintiff adopts by reference the allegations made in paragraphs 1-11 of Count I and II.

13. Defendants' actions caused Plaintiff embarrassment, humiliation, fear, emotional distress, horror, grief, shame and loss of reputation.

14. Defendants' conduct was odious, perverse and outrageous.

15. Defendants' conduct was so outrageous in character, and extreme in

3

degree, so as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized society.

## COUNT IV

### Exemplary Damages

16. Plaintiff adopts by reference the allegations made in paragraphs 1-15 of Count I, II and III.

17. Defendants conduct was so outrageous and extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized society.

18. Plaintiff is entitled to exemplary damages.

WHEREFORE, Plaintiff requests damages and exemplary damages against Defendant in whatever amount she is to be entitled to in excess of $25,000.00 plus interest, costs and attorney fees.

Respectfully submitted,

Neil H. Fink, Esq., P.C.

NEIL H. FINK (P 13430)
S. DAVID McNEILL (P 17544)
Attorneys for Plaintiff
185 Oakland Ave., Ste. 250
Birmingham, MI 48009
(248) 258-3181

Dated: November 29, 2001.

4

## JURY DEMAND

Plaintiff, by her attorneys, demands a trial by jury.

Respectfully submitted,

Neil H. Fink, Esq., P.C.

NEIL H. FINK (P 13430)
S. DAVID McNEILL (P 17544)
Attorneys for Plaintiff
185 Oakland Ave., Ste. 250
Birmingham, MI 48009
(248) 258-3181

Dated: November 29, 2001.

5

JURY FEE PAID
THIS DATE: NOV 9 2001

STATE OF MICHIGAN BY:_____

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

STELLA ROMANSKI,

    Plaintiff,

vs.

MOTOR CITY CASINO, a Michigan
Corporation, JANE DOE and MARY
ROE, Jointly and Severally,

    Defendants.
_____/

01-138435 NO 11/09/2001
JDG:SUSAN D BORMAN
ROMANSKI STELLA
vs
MOTOR CITY CASINO

NEIL H. FINK (P 13430)
S. DAVID McNEILL (P 17544)
Attorneys for Plaintiff
185 Oakland Ave., Ste. 250
Birmingham, MI 48009
(248) 258-3181
_____/

There is no other pending or resolved
civil action arising out of the
transaction or occurrence alleged in
in the Complaint.

## COMPLAINT

    Plaintiff, by her attorneys, Neil H. Fink and S. David McNeill, states the following:

### COUNT I

### False Arrest and Imprisonment

1.     Defendant Motor City Casino, is a licensed gambling casino conducting business in Wayne County, State of Michigan, specifically the City of Detroit.

2.     Upon information and belief Jane Doe is a Michigan resident working for

)                                                          )

Defendant Motor City Casino in the area of casino security.

3. Upon information and belief Mary Roe is a Michigan resident working for Defendant Motor City Casino in the area of casino security.

4. On or about August 7, 2001, Plaintiff was a customer of Defendant Motor City Casino gambling at the Defendant's slot machines.

5. Plaintiff was wrongfully accused by the Defendants of stealing casino property.

6. Plaintiff was detained by Defendant's agents, servants or employees including Jane Doe and Mary Roe, who were acting in the scope of their employment and who falsely imprisoned the Plaintiff for a long period of time, upon the charge that Plaintiff had stolen property belonging to the Defendant.

7. While Plaintiff was detained she was interrogated, accused of being a criminal, had her property taken and escorted out of the casino where she waited in hot weather for several hours before her chartered bus left.

8. As proximate cause of the unlawful acts of Defendants and its agents, servants and employees, Plaintiff sustained injuries, including but not limited to, anxiety, humiliation, freight, shock and embarrassment.

2

## COUNT II

### Defamation

9. Plaintiff adopts by reference the allegations contained in paragraphs 1-8 of Count I.

10. Defendants Jane Doe and Mary Roe, agents, servants and/or employees of Defendant Motor City Casino, while in the course of their employment, made false, malicious and defamatory accusations about Plaintiff, accusing her of committing a crime, to wit stealing Defendant's property.

11. That as a proximate cause of the defamatory statements, maliciously made by Defendants Jane Doe and Mary Roe, individually and as agents of Defendant Motor City Casino, Plaintiff has been injured in her good reputation and brought into public disgrace.

## COUNT III

### Intentional Infliction of Emotional Distress

12. Plaintiff adopts by reference the allegations made in paragraphs 1-11 of Count I and II.

13. Defendants' actions caused Plaintiff embarrassment, humiliation, fear, emotional distress, horror, grief, shame and loss of reputation.

14. Defendants' conduct was odious, perverse and outrageous.

15. Defendants' conduct was so outrageous in character, and extreme in

3

degree, so as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized society.

## COUNT IV

### Exemplary Damages

16. Plaintiff adopts by reference the allegations made in paragraphs 1-15 of Count I, II and III.

17. Defendants conduct was so outrageous and extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized society.

18. Plaintiff is entitled to exemplary damages.

WHEREFORE, Plaintiff requests damages and exemplary damages against Defendant in whatever amount she is to be entitled to in excess of $25,000.00 plus interest, costs and attorney fees.

Respectfully submitted,

Neil H. Fink, Esq., P.C.

NEIL H. FINK (P 13430)
S. DAVID McNEILL (P 17544)
Attorneys for Plaintiff
185 Oakland Ave., Ste. 250
Birmingham, MI 48009
(248) 258-3181

Dated: November ___, 2001.

4

## JURY DEMAND

Plaintiff, by her attorneys, demands a trial by jury.

Respectfully submitted,

Neil H. Fink, Esq., P.C.

NEIL H. FINK (P 13430)
S. DAVID McNEILL (P 17544)
Attorneys for Plaintiff
185 Oakland Ave., Ste. 250
Birmingham, MI 48009
(248) 258-3181

Dated: November ___, 2001.

5

## STATE OF MICHIGAN

## IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

STELLA ROMANSKI,

    Plaintiff,

vs.

DETROIT ENTERTAINMENT, L.L.C. d/b/a
MOTOR CITY CASINO, a Michigan
Corporation, MARLENE BROWN, GLORIA
BROWN, ROBERT EDWARDS, and
JOEETTA STEVENSON,
Jointly and Severally,

    Defendants.
_____/

Case No: 01-       NO
Hon:

NEIL H. FINK (P 13430)
S. DAVID McNEILL (P 17544)
Attorneys for Plaintiff
185 Oakland Ave., Ste. 250
Birmingham, MI 48009
(248) 258-3181

JOHN B. FARRELL (P 27627)
ROBERT F. MacALPINE (P 31626)
Attorney for Def. Detroit Entertainment
1000 Woodbridge Street
Detroit, MI 48207-3192
(313) 446-1530
_____/

### SECOND AMENDED COMPLAINT

Plaintiff, by her attorneys, Neil H. Fink and S. David McNeill, states the following:

## COUNT I

### False Arrest and Imprisonment

1. Defendant Detroit Entertainment, L.L.C. Motor City Casino, is a licensed gambling casino conducting business in Wayne County, State of Michigan, specifically the City of Detroit.

2. Defendants Marlene Brown, Gloria Brown, Robert Edwards, and Joeetta Stevenson are Michigan residents employed by Defendant Detroit Entertainment, L.L.C.

3. On or about August 7, 2001, Plaintiff was a customer of Defendant Detroit Entertainment, L.L.C. gambling at the Defendant's slot machines.

4. Plaintiff was wrongfully accused by the Defendants of stealing casino property.

5. Plaintiff was detained by Defendants Detroit Entertainment, L.L.C. and its agents, servants or employees including Marlene Brown, Gloria Brown, Robert Edwards, and Joeetta Stevenson, who were acting in the scope of their employment and who falsely imprisoned the Plaintiff for a long period of time, upon the charge that Plaintiff had stolen property belonging to the Defendant Detroit Entertainment, L.L.C.

6. While Plaintiff was detained she was interrogated, accused of being a criminal, had her property taken and escorted out of the casino where she waited in hot weather for several hours before her chartered bus left.

7. As proximate cause of the unlawful acts of Defendants and its agents, servants and employees, Plaintiff sustained injuries, including but not limited to, anxiety, humiliation, freight, shock and embarrassment.

## COUNT II

### Defamation

8. Plaintiff adopts by reference the allegations contained in paragraphs 1-7 of Count I.

9. Defendants Marlene Brown, Gloria Brown, Robert Edwards, and Joeetta Stevenson, agents, servants and/or employees of Defendant Detroit Entertainment, L.L.C., while in the course of their employment, made false, malicious and defamatory accusations about Plaintiff, accusing her of committing a crime, to wit stealing Defendant's property.

10. That as a proximate cause of the defamatory statements, maliciously made by Defendants Marlene Brown, Gloria Brown, Robert Edwards and Joeetta Stevenson, individually and as agents of Defendant Detroit Entertainment, L.L.C., Plaintiff has been injured in her good reputation and brought into public disgrace.

## COUNT III

### Intentional Infliction of Emotional Distress

11. Plaintiff adopts by reference the allegations made in paragraphs 1-10 of Count I and II.

) )

12. Defendants' actions caused Plaintiff embarrassment, humiliation, fear, emotional distress, horror, grief, shame and loss of reputation.

13. Defendants' conduct was odious, perverse and outrageous.

14. Defendants' conduct was so outrageous in character, and extreme in degree, so as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized society.

## COUNT IV

### Exemplary Damages

15. Plaintiff adopts by reference the allegations made in paragraphs 1-14 of Count I, II and III.

16. Defendants conduct was so outrageous and extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized society.

17. Plaintiff is entitled to exemplary damages.

WHEREFORE, Plaintiff requests damages and exemplary damages against Defendant in whatever amount she is to be entitled to in excess of $25,000.00 plus interest, costs and attorney fees.

## COUNT V

### Violation of 42 U.S.C. 1983

18. Plaintiff adopts by reference the allegations made in paragraphs 1-17 of Counts I, II, III and IV.

19. Defendants Marlene Brown, Gloria Brown, Robert Edwards and Joeetta Stevenson, and Detroit Entertainment, L.L.C. d/b/a Motor City Casino were at all time relevant acting under color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs and usage of the State of Michigan and/or the City of Detroit.

20. At all times during the events described above, the Defendants were engaged in a joint venture. The Defendants assisted each other in performing the various actions described and lent their physical presence, support and authority to each other during the said events.

21. As a direct and proximate result of the said acts of the Defendants, the Plaintiff, Stella Romanski, suffered the following injuries and damages:

   a. Violation of her constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of her person;

   b. Loss of her physical liberty; and,

   c. Physical pain, suffering and emotional trauma.

22. The actions of the Defendants violated the clearly established and well settled federal constitutional right of Stella Romanski to be free from the unreasonable seizure of her person.

23. Plaintiff, Stella Romanski claims damages for injuries set forth above under 42 U.S.C. § 1983 against the Defendants for violation of her constitutional rights under color of law.

WHEREFORE, Plaintiff requests damages in whatever amount she is entitled to in excess of $25,000.00, punitive damages, interest, actual costs and attorney fees pursuant to 42 U.S.C. § 1983.

Respectfully submitted,

Neil H. Fink, Esq., P.C.

*[signature]*

NEIL H. FINK (P 13430)
S. DAVID McNEILL (P 17544)
Attorneys for Plaintiff
185 Oakland Ave., Ste. 250
Birmingham, MI 48009
(248) 258-3181

Dated: July ___, 2002.

## JURY DEMAND

Plaintiff, by her attorneys, demands a trial by jury.

Respectfully submitted,

Neil H. Fink, Esq., P.C.

*[signature]*

NEIL H. FINK (P 13430)
S. DAVID McNEILL (P 17544)
Attorneys for Plaintiff
185 Oakland Ave., Ste. 250
Birmingham, MI 48009
(248) 258-3181

Dated: July ___, 2002.

6