IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**STELLA ROMANSKI,**

Plaintiff,

-vs-

Case No. 02-CV-73358-DT-DT

Hon. Lawrence P. Zatkoff
Magistrate Steven D. Pepe

**DETROIT ENTERTAINMENT, L.L.C.**, d/b/a MotorCity Casino, a Michigan Limited Liability Company,

Defendant.
_____/

Robert F. MacAlpine (P 31626)
GARAN LUCOW MILLER, P.C.
1000 Woodbridge Street
Detroit, MI 48207-3192
(313) 446-1530
Attorney for Detroit Entertainment, L.L.C.

Neil H. Fink (P 13430)
S. David McNeill (P 17544)
Attorneys for Plaintiff
_____/

### STIPULATED PROTECTIVE ORDER

At a session of said court held in the county courthouse on _____ 2 4 APR 2003 _____

PRESENT: HON. _____ LAWRENCE P. ZATKOFF _____
Federal Court Judge

A.  Plaintiff having filed a Notice to Produce and Defendant, Detroit Entertainment, L.L.C., claiming that the documents and items requested to be produced are proprietary information, which may be subject to discovery

in this action, but which should not be made available to Defendant's competitors or to the public in general.

B. The Plaintiff, in interrogatories and Request for Production of Documents, has sought information and requested the production of certain documents and things, some of which Defendant, Detroit Entertainment, L.L.C. claims contain confidential or proprietary information.

C. Further discovery may also contain confidential or proprietary information.

Therefore:

IT IS ORDERED that the Production of any documents concerning individual incidents, the internal policies, procedures and/or general operation of the MotorCity Casino and videotapes, which will be produced, will be subject to the following protective conditions:

1. The parties recognize and agree that the documents and videotapes may contain confidential and proprietary information relative to the policies, procedures and internal practices of the MotorCity Casino.

2. The parties recognize the information derived from these documents and videotapes shall be used solely and exclusively for the purposes of this lawsuit. Such information may not be used for any other reasons, in any other proceedings or disputes, or for any other purpose whatsoever.

3. The information may not be disclosed to any person other than the parties, counsel of record for the respective parties to this litigation and their staff, witnesses or consultants engaged by counsel, and the court and court personnel under such safeguards as the court may direct so as to preserve

2

and protect the confidentiality and/or proprietary nature of the information produced.

4. Respective counsel shall serve a copy of this Order on any person to whom respective counsel discloses said documents. Those persons are advised that if they violate the terms of this Order, they shall be subject to the appropriate sanctions in the discretion of the court, as authorized by any statute, rule or the inherent power of the court.

5. The reasonable cost of copying videotapes requested by Plaintiff for Plaintiff shall be borne exclusively by Plaintiff, which includes the reasonable cost of operators and the cost of tapes.

6. The provisions of this Order shall survive and remain in full force and effect after the entry of final judgment (including any appellate proceedings) in this case, whether by settlement or litigation unless otherwise ordered by this Court.

_____
HONORABLE LAWRENCE P. ZATKOFF

Approved by:

S. David McNeill w/consent (see attached) 4/21/03
_____
Neil H. Fink (P 13430)
S. David McNeill (P 17544)
Attorneys for Plaintiff

_____
Robert F. MacAlpine (P 31626)
Attorney for Detroit Entertainment, L.L.C.

3

FROM : NEIL H FINK ESQ PC                FAX NO. :                    Apr. 21 2003 12:21PM P4
APR 21 2003 11:24 AM FR  RAN LUCOW COPY ROOM46 1712 TO 12492583190        P.05

and protect the confidentiality and/or proprietary nature of the information produced.

4. Respective counsel shall serve a copy of this Order on any person to whom respective counsel discloses said documents. Those persons are advised that if they violate the terms of this Order, they shall be subject to the appropriate sanctions in the discretion of the court, as authorized by any statute, rule or the inherent power of the court.

5. The reasonable cost of copying videotapes requested by Plaintiff for Plaintiff shall be borne exclusively by Plaintiff, which includes the reasonable cost of operators and the cost of tapes.

6. The provisions of this Order shall survive and remain in full force and effect after the entry of final judgment (including any appellate proceedings) in this case, whether by settlement or litigation unless otherwise ordered by this Court.

---

HONORABLE LAWRENCE P. ZATKOFF

Approved by:

---

Neil H. Fink (P 13430)
S. David McNeill (P 17544)
Attorneys for Plaintiff

---

Robert F. MacAlpine (P 31626)
Attorney for Detroit Entertainment, L.L.C.